*221 *An appeal was taken from this decree, after the hearing of which the Court pronounced the following opinion.

Per

Caldwell, Ch.
In deciding the question, what estate in the wharf did Eliza Williams take under the devise ? the intention of the testator must be collected from his whole will, and not from a particular part. When bequests devises are made in technical terms, and the context of the ., will does not qualify their meaning, the legal effect of the* expressions must control the construction, notwithstanding./ the testator may not have understod them.
Effect ought to be given, not only to every clause, but even to every word of a will, if it can be, so as to carry out' the intention of the testator, and to do this, the several sentences of the will on the same subject, must be collated together.
In the first clause of the will, the testator, by using the words, “ at her sole disposal forever,” clearly indicates what meaning he attached to them, in the devise he made of the house in which he lived, and it cannot be doubted he wished his daughter to have the fee simple, after his wife had enjoyed her life estate in the premises ; in the concluding sentence of this clause he uses the following words, “the negroes I leave to the sole disposal of my wife; and, likewise, I bequeath to my wife, and to her sole disposal, one-half moiety of a lot of land, given me by Mr. Johnson, near the North gate of Charleston then follows the devise and bequest to his daughter, which closes with these words, “likewise, one-half moiety of a lot of land, given me by Mr. Johnson, near the North gate of Charleston, forever.” From these expressions, it is manifest the testator intended to give his wife and daughter each a moiety of this lot in fee simple • and he uses the same phraseology in the preceding part of the devise of the wharf to his daughter. It would seem to follow, that a similar construction ought to be given to it, especially as a common intention appears to have pervaded the whole clause. From the general tenor of the will, the testator evidently intended to dispose of his whole estate, and there is nothing, except the expression, “ heirs of her body,” that indicates that he entertained the remotest idea that any thing was reserved, or was to revert. These words, standing alone, create a fee conditional at common law, as the statute “ de donis” is not of force in this State; and the question is, shall they be construed as controlling, not only the general intention apparent upon the face of the will, but the particular phrase that immediately succeeds them, “ if no children, to her entire disposal ?” The integrity *222 of every instrument ought to be preserved, unless its seve-raj parts are s0 inconsistent as to render a reconciliation impossible. The testator appears to have had two views in framing this clause — first, to give to his daughter a fee sim-pie in the wharf, if she had no children, but if she had children, then to give it to her and the heirs of her body; the former, and more enlarged estate, must naturally and necessarily precede the latter, otherwise the .less] would control the greater estate, and the fee conditional would exclude the devisee from the fee simple to which she was entitled in the event of her not having children. As the devisee had been married several years without having had a child, the testator may be supposed to have considered it improbable that she would ever have children, and, therefore, his first thought would be to provide for her if that event should not occur, by giving her the estate absolutely, but if she should have children, then the natural course of his affection and bounty would be, to provide for them. These appear to have been the two principal objects of his will.
4 Des. E. R. 459.
The testator did not intend that the estate he devised to his dáughter should revert for the want of persons to take pet' formam doni, as he has anticipated and provided for that event, by directing that if there were no children, (a word which he probably used as synon3unous with heirs of her body) she should have the entire disposal of the estate.
From his using these terms in such close conjunction, it may be fairly inferred that his intention was, first to give her an estate in fee simple in the wharf, defeasable upon the event of her having children, (heirs of her body) but as that was improbable, he could .not have intended, if it never happened, that she should take a less estate, a fee conditional; had his intention been otherwise, he would never have superadded these important words, “ if no children, to her entire disposal.”
In popular parlance, the word heir is generally used for child, and the Court held, in Moon and others v. Herndon and others, that where a testator devised “ that if either of my aforesaid children should die without an heir, then his share shall go to the rest of my children”' — that the word heir was synonymous with child, and the limitation over was not too remote. Where a testator uses technical terms throughout his will, the Court would not undertake to substitute other words for them, or to disregard their legal effect, or to adopt their popular instead of their legal meaning, but when, from the whole or a part of the will, it is apparent that the words were not used in a strict technical sense, which would be at war with his general objects and the express provisions in another part, we must then gather the *223 intention from the whole will, without giving a preference to any particular part. .
Fearne on Rem. 1 Jarman on Wills, 734-5.
ofS.C. (1824) 237. Ints. 164.
There is nó rule of law that prohibits a testator from devising different estates in the same lands to the- same person on the happening of successive events, such as an^ estate for years on the birth of the devisee’s first child, for life on the birth of a second child, and of inheritance on the birth of a third child. So a testator may devise a fee simple which shall be cut down to an estaj,e for life or years, on the happening of a prescribed event ;* and a fee conditional is as subject to such defeasence as a fee simple. The birth of the children contemplated by the testator, must occur within the life of his daughter, and I think it plain, from, the provisions of his will, that no other children but those of his daughter were contemplated. His object must have been, that the estate should vest in his daughter immediately on his death ; she had then no children, and if the words “heirs of her body” had not been in the will, she would undoubtedly have taken at that time a fee simple, and can they qualify that estate which was devised upon an express contingency which has not happened? If any meaning can be attached to the words, “ if no children, then at her entire disposal,” they must signify that the testator either intended she should have a fee simple absolute if she had no children at his death, or that she should ultimately have such estate if she had no children during her lifetime-; in either event her estate has turned out indefeasabie. If the words “ heirs of her body,” were intended to create a fee conditional, then the inquiry is, what was the contingency upon which her estate in fee simple was to be cut down, and has it happened? If the event was her having children, as would seem to be inferable from the other expressions of the will, a fee conditional has never arisen, as the persons have never been born that were intended to be benefitted by that provision. To give a different construction, would reverse the natural order of events, and before we adopt such an inversion, we ask was there any reason in the testaior’s first giving his daughter a fee conditional, and then enabling her to enlarge it, (in the event of her having no children) by the execution of a power? Her condition at his death, and the improbability of her having children, repel such presumption; it is not probable that he intended to devise her a less estate, to be increased on an event that could not be ascertained with certainty, until the opportunity of enjoying its enlargement to a fee simple had passed. Whenever there is a doubt to the quantity of the estate devised, or whether it is vested, the rule is, to presume that the testator intended to give an absolute rather than a qualified estate, and a vested rather than a contingent interest; and even where the words import *224 a contingency, but do not create a condition precedent, they give a vested interest to the devisee, subject, however, to be divested if the contingency should not happen.
Snow v. Foul-den, 15 Cond Ch. 187. Newman v. Newman, 16 lb. 51. 2 Wilson Rep, 6 and 7.
The case of Goodlitlle v. Otway has been relied on as bearing a resemblance to this case; there, a devise was made to one for life, and after her death, to her lawful issue, and if she should have no issue, to have power to dispose of it at her will and pleasure ; as the contingency of issue never happened, it was held .that she took a fee. It is difficult to find any case that is a parallel to the one un'der consideration, and its decision must, therefore, depend upon general principles applied to the construction of the will, much more than upon its analogy to adjudged cases. If the testator, by using the terms heirs of her body, intended she should only take a fee conditional, then he has defeated what appears to have been the main object of the devise, to give her a fee simple if she had no children; but if the latter and larger estate was vested in her, subject to the contingency of her having children, on which event the fee conditional could take effect, then the whole will is in harmony, and every part of it will take effect as the testator intended.
As to the doctrine of powers, which has been involved in this discussion, we do not think it applicable to the case; neither do we think that the correctness vf the previous decisions of our Courts on the subject of a fee conditional, has been drawn into controversy in determining this case.
It is, therefore, ordered and decreed, that the order and decree of the Circuit Chancellor directing a writ of partidor to issue, be set aside; and it is adjudged and declared, that Isham Williams had a fee simple estate in the wharf described in the pleadings ; and it is further ordered and decreed, that an issue be made up of devisavit vel non, as to the premises aforesaid, and sent to the court of law; in which issue his executors shall be the actors, and his heirs and next of kin shall be the defendants, and that the result of said issue be returned to this Court.
Johnston and Dunkin, CC. concurred.

 The Reporter received neither the grounds of appeal, nor a copy of the will which was the subject of litigation in this case.